IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
No. 4:13-CV-103-BO

| | |
|---|---|
| DONNA LYNN ROBINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLYN W. COLVIN, ) | |
| *Acting Commissioner of Social Security*, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. A hearing was held on these matters before the undersigned on July 2, 2014, at Raleigh, North Carolina. For the reasons discussed below, the decision of the Commissioner is reversed.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of the final decision of the Commissioner denying her claim for disability and disability insurance benefits (DIB) and supplemental security income (SSI) pursuant to Titles II and XVI of the Social Security Act. Plaintiff filed for DIB and SSI on June 4, 2009, alleging disability since September 30, 2006. After initial denials, a hearing was held before an Administrative Law Judge (ALJ) who then issued an unfavorable ruling. The decision of the ALJ became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision in this Court.

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), and 1383(c)(3), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is

supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales,* 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other line of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant

has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff met the insured status requirements and had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's degenerative disc disease of the lumbar spine, cervical/neck pain, obesity, history of right-sided Bell's palsy, status-post open reduction and internal fixation of the left wrist, status-post right ankle fracture, right knee pain due to history of torn ligament, chronic pain syndrome, mood disorder, post-traumatic stress disorder (PTSD), and substance abuse were considered severe impairments at step two but were not found alone or in combination to meet or equal a listing at step three. After finding plaintiff's statements not entirely credible, the ALJ concluded that plaintiff could perform a greatly reduced range of light work and that she could return to her past relevant work. The ALJ then made an alternative finding that, considering plaintiff's age, education, work experience, and RFC, there were other jobs that exist in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled as of the date of his opinion.

3

An ALJ makes an RFC assessment based on all of the relevant medical and other evidence. 20 C.F.R. § 404.1545(a)(3). In determining plaintiff's RFC, the ALJ considered the opinions of several of plaintiff's physicians. The opinion of a treating physician must be given controlling weight if it is not inconsistent with substantial evidence in the record and may be disregarded only if there is persuasive contradictory evidence. *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *Mitchell v. Schweiker*, 699 F.2d 185 (4th Cir. 1983). Even if a treating physician's opinion is not entitled to controlling weight, it still may be entitled to the greatest of weight. SSR 96-2p. An ALJ must provide specific reasons for the weight given to a treating physician's opinion. *Id.*

In August 2011, plaintiff's treating neurologist provided a detailed opinion regarding plaintiff's medical impairments, ultimately opining that plaintiff was disabled. Tr. 388-390. The ALJ gave little weight to this opinion, however, finding that it was based primarily on plaintiff's subjective complaints and was not consistent with the neurologist's, Dr. Cook's, own treatment notes. Tr. 22. In his opinion, Dr. Cook notes that he has followed plaintiff for almost two years regarding several complex pain complaints. His opinion thoroughly discusses each of plaintiff's underlying injuries and, while the ALJ correctly notes that Dr. Cook may have lacked first-hand information about plaintiff's knee and ankle complaints in that he himself did not initially treat plaintiff for these injuries, his opinion makes clear that it is based on his history of managing plaintiff's overall pain picture, not merely on review of the records in plaintiff's medical history. While the ALJ further relies on the fact that Dr. Cook had found normal strength, sensation, and reflexes on exam in order to discount Dr. Cook's opinion, the ALJ does not explain why such findings would necessarily negate Dr. Cook's assessments regarding plaintiff's pain. For

4

example, Dr. Cook notes that plaintiff continues to experience migraine headaches on a regular basis, and that while her headaches are helped with medication, the medication causes plaintiff to not be able to participate in routine activities due to residual malaise. The ALJ's reliance on normal strength and reflexes to discount Dr. Cook's opinion would have no bearing on plaintiff's limitations due to migraine headaches. Additionally, though the ALJ failed to consider plaintiff's migraines when determining which of her impairments were severe at step two, the evidence of migraines in the record was still required to be considered when formulating plaintiff's RFC. 20 C.F.R. § 1545(a)(2).[1]

Also in August 2011, plaintiff's treating therapist submitted an opinion statement regarding plaintiff's mental health limitations. Tr. 382-387. The ALJ afforded this opinion little weight as it was provided by a licensed clinical social worker, not a psychologist or psychiatrist, and because her opinion was inconsistent with her treatment notes. Licensed clinical social workers are medical sources who do not fall within the Commissioner's list of acceptable medical sources. *See* 20 C.F.R. § 404.1513(d) and § 416.913; SSR 06-03p. Social Security Ruling (SSR) 06-03p clarifies how the Commissioner is to consider the opinions of providers who are not considered acceptable medical sources. Specifically, the opinions of non-acceptable medical sources, who often have "close contact with . . . individuals and have personal knowledge and expertise to make judgments about their impairment(s), activities, and level of functioning over a period of time," are to be considered as "valuable sources of evidence for assessing impairment severity and functioning." SSR 06-03p. Additionally, depending on the

---

[1] As plaintiff correctly notes in reply to defendant's response, evidence of migraines and other headaches does not normally or necessarily appear on standard imaging tests, and thus there will often be no "objective" evidence of migraine headaches. *See e.g. Duncan v. Astrue*, No. 4:06-CV-230-FL, 2008 WL 111158 *7 (E.D.N.C. Jan. 8, 2008) (noting that migraine headaches are a condition that cannot be diagnosed or confirmed through laboratory or diagnostic testing and listing cases holding same).

5

facts of a particular case, "an opinion from a medical source who is not an 'acceptable medical source' may outweigh the opinion of an acceptable medical source, including the medical opinion of a treating source." *Id.*

Plaintiff's therapist notes in her assessment that plaintiff has a substantial loss of ability in making judgments commensurate with unskilled work and responding appropriately to supervisors, co-workers, and routine work situations. This opinion was based on a longitudinal assessment of her mental health treatment of plaintiff. This is precisely the kind of treatment information contemplated by SSR 06-03p when the Administration stated that such non-acceptable sources are to be considered as valuable sources of evidence. That one consultative physician opined after a single visit that plaintiff did not appear depressed is inconsistent with the weight of the medical evidence and an improper basis upon which to disregard the opinion of plaintiff's therapist. Another consultative examiner, whose opinion was provided before the alleged onset date, noted that plaintiff exhibited severe emotional lability. Tr. 250.

Ultimately, the question for this Court is whether substantial evidence supports the ALJ's finding that plaintiff could either return to her past work or perform work in the national economy on a regular and consistent basis. In light of the opinions of plaintiff's treating physician and therapist, which are not contradicted by the longitudinal record or the objective medical evidence in this case, the Court holds that the ALJ's finding is unsupported. To the contrary, the record supports a finding that the combination of plaintiff's physical and mental impairments, as well as her pain, would result in her being able to perform work at a less than sedentary level.

6

Additionally, a finding that the Commissioner has satisfied her burden at step five requires not only a finding that a claimant can perform a job, but also a finding that the claimant can "*hold* whatever job he finds for a significant period of time." *Singletary v. Bowen*, 798 F.2d 818, 822 (5th Cir. 1986) (emphasis in original). The treating physician opinions in this case, which are entitled to great even if not controlling weight, and the record simply do not support such a conclusion.

## *Reversal for Award of Benefits*

The decision of whether to reverse and remand for benefits or reverse and remand for a new hearing is one that "lies within the sound discretion of the district court." *Edwards v. Bowen*, 672 F. Supp. 230, 237 (E.D.N.C. 1987); *see also Evans v. Heckler*, 734 F.2d 1012, 1015 (4th Cir. 1984). When "[o]n the state of the record, [plaintiff's] entitlement to benefits is wholly established," reversal for award of benefits rather than remand is appropriate. *Crider v. Harris*, 624 F.2d 15, 17 (4th Cir. 1980). The Fourth Circuit has held that it is appropriate for a federal court to "reverse without remanding where the record does not contain substantial evidence to support a decision denying coverage under the correct legal standard and when reopening the record for more evidence would serve no purpose." *Breeden v. Weinberger*, 493 F.2d 1002, 1012 (4th Cir. 1974). Remand, rather than reversal, is required when the ALJ fails to explain his reasoning and there is ambivalence in the medical record, precluding a court from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013).

The Court in its discretion finds that reversal and remand for an award of benefits is appropriate in this instance as the ALJ has clearly explained his basis for rejecting treating source opinions that would otherwise be entitled to controlling or great weight, though his

7

rationale for doing so was flawed. In light of the longitudinal record and the nature of plaintiff's impairments the Court finds that no benefit would be gained from remanding this matter for further proceedings.

## **CONCLUSION**

Plaintiff's motion for judgment on the pleadings [DE 20] is GRANTED and defendant's motion for judgment on the pleadings [DE 23] is DENIED. The decision of the ALJ is REVERSED and this matter is REMANDED to the Acting Commissioner for an award of benefits.

SO ORDERED, this __10__ day of July, 2014.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

8